UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS GONZALES CRUZ,

      Plaintiff,

    v.

ICE DIRECTOR, TODD M. LYONS;
ATTORNEY GENERAL, PAMELA
BONDI; AND SECRETARY KRISTI
NOEM,

      Defendants.

Case No. 2:26-cv-966-KCD-DNF

_____/

## ORDER

Petitioner Carlos Gonzales Cruz filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that his continued detention violates the Fifth Amendment. (*Id.* at 7-8.) Respondents oppose the petition. (Doc. 10.) For the reasons below, the petition is **DENIED**.

## I. Background

Cruz illegally entered the United States in 1980 and was released on parole. (Doc. 10-1 at 1-2.) Over the years, he picked up several criminal charges. (*Id.* at 2-3, 5, 7-8.) Because of this, ICE revoked his parole in 1998 and ordered him removed. (Doc. 10-2 at 6-8, 24-25, 28.) He was again

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

released on parole in 1990, only to have his parole revoked again in 1994. (*Id.* at 5, 22-23.) He was placed on another order of supervision in 2012, which was revoked then in 2018. (*Id.* at 26-27.)

ICE recently encountered Cruz at a jail in Miami, Florida, and he was taken into custody on December 30, 2025. (Doc. 10-1 at 7.) ICE revoked his supervision because it determined it was appropriate to enforce his removal order, which became final on December 13, 1988. (Doc. 10-2 at 9-10.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period,

detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 659. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Cruz cannot satisfy the initial temporal requirement. ICE took him into custody on December 30, 2025. (Doc. 10-1 at 7.) Because he has been detained for just four months, he remains within the window in which

his detention is presumptively reasonable. Seemingly recognizing this, his petition jumps to the burden-shifting framework, arguing that his removal to Cuba is not likely. (Doc. 1 at 8.) This argument puts the cart before the horse. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Cruz's due process claim under *Zadvydas* is not yet ripe, so the habeas petition is **DENIED WITHOUT PREJUDICE** to him refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on April 23, 2026.

Kyle C. Dudek
United States District Judge

4